IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM PRICE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 3:23-cv-8 ) Judge Stephanie L. Haines |
| ESTATE OF YVONNE K. PRICE, et al., | ) ) |
| Defendants. | ) |

## OPINION

On January 18, 2023, the Court granted *pro se* Plaintiff William Price ("Plaintiff") leave to proceed *in forma pauperis* (ECF No. 4) and his complaint was docketed by the Court that same day (ECF No. 7). Plaintiff later filed an Amended Complaint (ECF No. 20),[1] and more recently, a document entitled "Praecipe to Reinstate the Complaint" (ECF No. 32) and a second Amended Complaint (ECF No. 33). Pursuant to Plaintiff's request to "reinstate" his complaint, the Court will treat the Amended Complaint filed at ECF No. 33 as the operative complaint in this matter.

In his Amended Complaint (ECF No. 33), Plaintiff alleges that he was sexually abused by Yvonne K. Price in the early 1970s, and that on June 22, 2022, Plaintiff received notice that Yvonne K. Price passed away. *Id.* at ¶17. Plaintiff brings this action against Defendant Estate of Yvonne K. Price ("the Estate") to obtain damages resulting from the alleged abuse. Plaintiff's claims against Laverne Whaley, administrator of the Estate, are based on Defendant Whaley's alleged failure to include Plaintiff's sexual abuse claims as part of the administration of the Estate.

---

[1] Plaintiff's Amended Complaint filed at ECF No. 20 also named as defendants Cindy P. Casteen, attorney Jessica Tarsi, and the law firm of Lanier Fountain & Ceruzzi based on their alleged role in the administration of the Estate in the Superior Court of Onslow County, North Carolina. However, as these defendants are not named in Plaintiff's recently filed Amended Complaint (ECF No. 33), they have been terminated as parties in this matter.

1

Plaintiff gives no explanation for listing "Surety on the Bond" as a defendant in this matter. Plaintiff alleges the Court has diversity jurisdiction over this matter as well as "supplemental jurisdiction over Plaintiff's state law claims." *Id.* at ¶1.

On May 12, 2023, Defendant Laverne Whaley, also proceeding *pro se*, filed a "Petition to Renounce Administrator Duties" (ECF No. 26) and on August 18, 2023 filed supplemental documents (ECF Nos. 30 and 31). In her petition and supplements thereto, Defendant Whaley requests that the Court dismiss Plaintiff's claims in this matter. In support of this request, she provided documentation reflecting that the Estate was probated by the Superior Court of Onslow County, North Carolina (ECF No. 30 at pp. 3-4). The documents also show that Plaintiff filed cases in the Court of Common Pleas of Fayette County, Pennsylvania (ECF No. 30 at pp. 14-22, ECF No. 31 at pp. 3-4), at No. 2307 of 2022 G.D. and No. 1086 of 2023, G.D., which allege similar claims as those alleged in this matter against Defendant Whaley and the Estate. After Defendant Whaley filed her Petition (ECF No. 26) and the supplemental documents at ECF Nos. 30 and 31, Plaintiff filed the operative Amended Complaint (ECF No. 33).

The Federal Rules of Evidence permit a district court to take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Civ. P. 201(b). Judicial proceedings constitute public records and courts may take judicial notice of another court's opinions. *See Southern Cross Overseas Agencies v. Wah Kwong Shipping Grp. Ltd.,* 181 F.3d 410, 426 (3d Cir.1999). Accordingly, the Court will take judicial notice of the probate documents and state court cases filed at ECF Nos. 26, 30, and 31.

In the state court case filed at No. 2307 of 2022 G.D., Judge Cordaro stated as follows:

> "Based on the information provided by Plaintiff, the Estate originated in North Carolina, it exists there, and Defendant Whaley applied for letters of administration there pursuant to North Carolina law. *See* N.C.G.S.A. §28A-1-1 *et seq.* The clerks of the superior court of North Carolina have jurisdiction of estate proceedings under

> N.C.G.S.A. §28A-2-4, and, accordingly, North Carolina courts have jurisdiction over an alleged breach of fiduciary duty related to the administration of a North Carolina estate. N.C.G.S.A. §§7A-240, 243."

(ECF No. 30 at p. 21).

Based on North Carolina's jurisdiction over the Estate proceedings, Judge Cordaro struck the claims against Defendant Whaley regarding the administration of the Estate and dismissed Plaintiff's claims in that matter with prejudice.[2]

Here, even construing Plaintiff's allegations liberally as he is proceeding *pro se*, Plaintiff's allegations in all of his filings, including the operative Amended Complaint (ECF No. 33) are disjointed, confusing, and fail to state a cognizable claim against any defendant. Ultimately, aside from the pleading deficiencies, it is clear that Plaintiff seeks an order from this Court to freeze the sale, transfer, or conveyance of the Estate's property and for this Court to award him damages from the Estate's property. However, the documents filed of record in this matter reflect that the North Carolina Superior Court exercised control over the administration of the Estate and its property, a fact which Plaintiff has repeatedly acknowledged in his filings (ECF Nos. 1, 8, 11, 17, 20). Therefore, this Court must decline to exercise jurisdiction over Plaintiff's claims. *See Dyno v. Dyno*, No. 20-3302, 2021 U.S. App. LEXIS 23693, at *5 (3d Cir. Aug. 10, 2021) (holding that district court properly determined it lacked jurisdiction where the court would have had to exercise control over shares of stock that were under the orphans' court's control in order to grant the relief sought by plaintiffs); *see also Hohensee v. Grier*, 373 F. Supp. 1358, 1365-66 (M.D. Pa. 1974) ("Federal courts should decline to interfere with property over which a competent state court has

---

[2] In addition to striking the claims against Defendant Whaley on jurisdictional grounds, Judge Cordaro also found that Plaintiff could not sustain his claims of sexual assault, indecent assault, and intentional infliction of emotional distress because these claims were barred under the statute of limitations set forth in 42 Pa. C. S. §5533 (ECF No. 30 at pp. 18-19).

3

assumed jurisdiction.") (citing *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939)).

Plaintiff has amended his claims in this matter at least three times, and he consistently asserts claims against the Estate's property which this Court lacks jurisdiction over. The record before the Court shows that the Estate was probated in North Carolina, and further, that a Pennsylvania state court has also already ruled on Plaintiff's claims in this matter. Based on the record before the Court, the Court will dismiss this matter for lack of subject matter jurisdiction.[3]

An appropriate Order will follow.

Date: August 30, 2023

_____
Stephanie L. Haines
United States District Judge

---

[3] Plaintiff is proceeding *in forma pauperis* but nonetheless paid a filing fee of $350.00. Regardless of whether Plaintiff intends to proceed *in forma pauperis* or if this is a "paid complaint," the Court has the authority to dismiss this matter for lack of jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Duglas v. Kamper*, Civ. No. 19-3010, 2019 U.S. Dist. LEXIS 118505, 2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019) (after granting *in forma pauperis* status, the court "must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction." (citing 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (stating that, as to any action, this Court has a "continuing obligation to assess its subject matter jurisdiction" and to "dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding."); *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) (federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit,…wholly insubstantial,…obviously frivolous,…plainly unsubstantial,…or no longer open to discussion.").